IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15cv251-WKW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff William Joseph commenced this action in the small claims court of Russell County, Alabama, against Zoe' Oswalt[1] and Willie Thearson, seeking monetary damages in the amount of $840.00 plus $1,000 in interest. (Doc. # 1-1, p. 2). Plaintiff alleges: "My (express package) that requires a signature by the person receiving the package. The (postal carrier) did not deliver the package. But she signed a paper (saying) if the package is (not) found she would pay." Id. (original in capital letters; parentheses in original). The United States filed a Notice of Removal and Substitution on April 16, 2015, with certifications by the United States Attorney for the Middle District of Alabama that Oswalt and Thearson were acting within the scope of their federal employment with the United States Postal Service – Oswalt as a rural carrier and Thearson as "Officer in Charge (OIC) Postmaster" –

---

[1] In his complaint, plaintiff spells this defendant's surname as "Oswald." (Doc. # 1-1, p. 2). In its notice of removal, the United States represents that the correct spelling is "Oswart, rather than Osward[.]" (Doc. # 1, p. 1 n. 1). In his "scope of employment" certification, the U.S. Attorney identifies this defendant as "Oswalt." (Doc. # 1-2). The court uses the latter spelling, which matches Oswalt's spelling of her own name in a motion she filed in state court. (See Doc. # 1-1, p. 12).

at the time of the incident giving rise to plaintiff's claim. (Doc. ## 1, 1-2). The certifications "conclusively establish scope of office or employment for purposes of removal" and thus effected the substitution of the United States as the sole party defendant by operation of law. 28 U.S.C. § 2679(d)(2)(stating the effect of certification "by the Attorney General"); see also 28 C.F.R. § 15.4(a)(authorizing "[t]he United States Attorney for the district where the civil action or proceeding is brought ... to make the statutory certification").[2] Additionally, as a result of the certifications, this lawsuit is treated as an action against the United States under the Federal Tort Claims Act ("FTCA"), "subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(2), (4); see also id., § 1346(b) and §§ 2671-2680.

The defendant moves to dismiss this action "in its entirety, with prejudice, for lack of subject-matter jurisdiction." (Doc. # 4, p. 3). The United States contends that this court lacks jurisdiction to proceed in this matter "because plaintiff has not complied with the FTCA's administrative exhaustion requirement" (id., ¶ 5), and because claims arising from "the loss, miscarriage, or negligent transmission or letters or postal matter" are excepted from the FTCA's waiver of sovereign immunity (id., ¶ 9). Plaintiff failed to respond to the motion within the time allowed by the court. (See Doc. # 6). Upon consideration of the motion, the

---

[2] See 39 U.S.C. § 409(c)("The provisions of chapter 171 and all other provisions of title 28 relating to tort claims shall apply to tort claims arising out of activities of the Postal Service."); 39 U.S.C. § 401(1)(granting the Postal Service the authority "to sue and be sued in its official name"); 28 U.S.C. § 2679(a)("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.").

court concludes that plaintiff's claims against the United States are barred by the sovereign immunity of the United States and are due to be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

Plaintiff has not challenged the U.S. Attorney's scope of employment certifications; thus, the court treats plaintiff's claim as one against the United States pursuant to the FTCA. Plaintiff bears the burden of demonstrating that the United States has waived its sovereign immunity as to the claim he asserts in this lawsuit. See Thompson v. McHugh, 388 F. App'x. 870, 872 (11th Cir. 2010)("Because Thompson is suing the Army, she bears the burden of establishing that the federal government has waived its sovereign immunity with respect to her claim."); Ishler v. Internal Revenue Service, 237 F. App'x. 394, 398 (11th Cir. 2007)("[T]he plaintiff bears the burden of establishing subject matter jurisdiction ... and, thus, must prove an explicit waiver of immunity.")(citation omitted).

Federal district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for ... loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The court's jurisdiction over such a claim is "[s]ubject to the provisions of chapter 171 of [title 28]" (id.); a provision within the

3

referenced chapter prohibits an action on a claim against the United States unless the plaintiff has first presented the claim to the appropriate federal agency and, thereafter, the agency has either denied it or failed to take final action on it within six months. 28 U.S.C. § 2675(a).[3] The scope of this statutory waiver of the sovereign immunity of the United States must be construed strictly, in favor of the government. See Lane v. Peña, 518 U.S. 187, 192 (1996)("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign.")(citations omitted); Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001)("It is well established that the FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed.")(citation omitted). Plaintiff has failed to establish that he filed an administrative claim as required by § 2675(a) as to the tort claim before the court and, on this basis alone, has failed to establish a waiver of sovereign immunity.

Additionally, the FTCA excepts from its waiver of sovereign immunity "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Thus, even if plaintiff had filed a timely administrative claim with the appropriate federal agency and his claim had been denied by the agency or by operation of the statute, this court would nevertheless lack jurisdiction over plaintiff's tort claim. See

---

[3] A claim must be presented to the agency within two years after it accrues or, if a plaintiff commences a civil action within that period that the court dismisses because of the plaintiff's failure to satisfy the administrative claim prerequisite, within sixty days after dismissal of the civil action. 28 U.S.C. §§ 2401(b), 2679(d)(5).

4

Zelaya v. United States, 781 F.3d 1315, 1322 (11th Cir. 2015)("But that which the Sovereign gives, it may also take away, and the Government has done so through statutory exceptions in 28 U.S.C. § 2680 ... which serve to block the waiver of sovereign immunity that would otherwise occur under the FTCA. These exceptions 'must be strictly construed in favor of the United States," and when an exception applies to neutralize what would otherwise be a waiver of immunity, a court will lack subject matter jurisdiction over the action.")(citations omitted).

Plaintiff has not established that he has satisfied the administrative claim requirement of § 2675(a) and, therefore, he has failed to carry his burden of demonstrating that the FTCA's general waiver of sovereign immunity applies to his claims. Additionally, the allegations of plaintiff's complaint make clear that his claims fall within the express exception to the FTCA's waiver of sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).[4]

---

[4] In his complaint, plaintiff provides the Phenix City post office address as that of the state court defendants. (See Doc. # 1-1, p. 2). However, the state court pleadings and proceedings make clear that plaintiff sued Oswalt and Thearson because of their personal involvement in the acts or omissions giving rise to his claims. (See id. as to Oswalt and id. at p. 17 as to Thearson). The automatic substitution of the United States for Oswalt and Thearson pertains to claims arising from their negligent or wrongful acts or omissions (see 28 U.S.C. §§ 1346(b)(1), 2679(d)(4)) – i.e., to claims sounding in tort – and plaintiff has not suggested in his pleadings or by way of a response in opposition to the present motion that he seeks to assert a contract or indemnity claim against the USPS itself for the insured value of his lost package. See e.g., Blanc v. United States Postal Service, 2014 WL 931220 (E.D.N.Y. Mar. 10, 2014); Mansy v. Kemper, 2012 WL 2887220 (E.D. Tenn. Jul. 13, 2012). Plaintiff did not name the United States Postal Service as a defendant, nor did he effect service on the USPS. (See Doc. # 1-1). Since the USPS is not a party to this action, the court's subject matter jurisdiction over a contract or indemnity claim against the agency is not at issue.

Because the United States has not waived its sovereign immunity as to the claims now before the court, the court lacks jurisdiction to entertain them. Thus, they are due to be dismissed without prejudice.[5]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the motion to dismiss filed by the United States be GRANTED, and that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before June 5, 2015. Any objections must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

---

[5] The United States seeks dismissal of this action "with prejudice[.]" (Doc. # 4, p. 3). However, a dismissal for lack of subject matter is not an adjudication on the merits and should be without prejudice. Stalley *ex rel.* U.S. v. Orlando Regional Healthcare System, Inc., 524 F.3d 1229, 1232 (11th Cir. 2008); Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984)("The district court properly concluded that it lacked subject matter jurisdiction. For some inexplicable reason, the defendants' motion to dismiss was granted 'with prejudice.' This was error. Since the court lacked subject matter jurisdiction over the action, it had no power to render a judgment on the merits. Rather than remanding the case for entry of an order without prejudice, we hereby modify the district court's order by substituting the words 'without prejudice,' for the words 'with prejudice,' and affirm the judgment of the court as modified."). Additionally, even if a dismissal with prejudice might otherwise be appropriate, there is nothing in the court's record to indicate that the jurisdictional defect at issue in the present case cannot be cured by administrative exhaustion after dismissal. See n. 3, *supra*.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 22nd day of May, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE